

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George W. Cox
State Health Officer
Austin, Texas

Dear Sir:

                           Opinion No. O-1898
                           Re: Would the State Health Of-
                                ficer or an employee of the
                                State Health Department be
                                permitted under the State
                                laws to accept a commission
                                from the United States Sec-
                                retary of Agriculture.

       Your request for an opinion on the above stated
question has been received and considered by this depart-
ment. We quote as follows from your letter:

       "Attached hereto is a copy of a letter from
W. S. Frisbie, Chief, Division of State Coopera-
tion, Food and Drug Administration, U. S. Depart-
ment of Agriculture in which he requests the name
of the food, drug, or health official of Texas
to whom should be issued a commission signed by
the U. S. Secretary of Agriculture pursuant to
Section 702 (a) of the Federal Food, Drug, and
Cosmetic Act, a copy of which Act is herewith in-
closed.

       "It has been the practice of the employees
of the State Health Department heretofore to co-
operate with the Federal Food and Drug Adminis-
tration in the collection of samples of foods
and drugs shipped in interstate traffic when such
cooperative service can be rendered without in-
curring additional expense or consuming any con-
siderable amount of time on the part of the em-
ployee, and when such samples are paid for by
voucher drawn on the Federal Government. In this
connection it has been necessary for each inspec-
tor of this Department to carry an authorization

O COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

card signed by the U. S. Secretary of Agriculture, such authorization being limited to this particular service.

"Since the Federal Law has been amended, the question has arisen whether the State Health Officer or an employee of the State Health Department would be permitted under the State law to accept the commission mentioned in Mr. Frisbie's letter. . . ."

Section 702 (a) of the Federal Foods, Drugs, and Cosmetics Act, provides, in part, that:

"The Secretary is authorized to conduct examinations and investigations for the purposes of this Act, through officers and employees of the Department or through any health, food, or drug officer or employee of any State, Territory, or political subdivision thereof, duly commissioned by the Secretary as an officer of the Department. . . ." (Underscoring ours)

It is to be noted that when a person in the public employ is designated as an officer of the United States by the terminology of the Federal statutes then that person is ipso facto an officer. See 26 Opinions United States Attorney General 254.

Article 16, Section 33, of the Constitution provides as follows:

"The Accounting Officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person, for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit, under this State or the United States. . . ." (Underscoring ours)

Section 40 of Article 16 of the Constitution provides, in part, that:

"No person shall hold or exercise, at the same time, more than one Civil Office of emolument, . . ."

The constitutional provisions referred to above proceed to set out certain exceptions unnecessary for us to consider here for clearly none would embrace our situation.

The word "emolument" found in Article 16, Section 40, set out above, implies some idea of profit, gain, or benefit. It is our understanding that the Federal Government does not pay salaries to those who are commissioned and are officers of the Department of Agriculture pursuant to Section 702(a) of the Federal Food, Drug, and Cosmetics Act. However, there is consideration in the transaction in this manner: In consideration of the assumption of the various duties or services attached thereto the Federal Government will bestow a commission upon the person so undertaking the performance thereof. This constitutes a quid pro quo. Whether or not this is consideration within the meaning of the word "emolument" presents a question of considerable doubt. In our opinion it is not. However, you are advised that the office or position conferred by the commission comes within the scope of Article 16, Section 33, supra. The position conferred has ample attributes of one of "honor" or "trust".

Therefore, in the opinion of this department, Article 16, Section 33, of the Constitution would prohibit and restrain the accounting officers of this State from paying those who are thus commissioned by the Federal Government any salary or compensation for the services they are now rendering the State or might render in the future so long as they hold their positions with the Federal Government.

Trusting that the above satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

By

Grundy Williams

APPROVED FEB 19, 1940

ATTORNEY GENERAL OF TEXAS

GW:LK

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN